UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA LAHAR,

        Plaintiff(s),        CASE NUMBER: 05-72920
                                        HONORABLE VICTORIA A. ROBERTS

v.

OAKLAND COUNTY, a corporate body,

        Defendant(s).
_____/

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant Oakland County moves to dismiss Plaintiff Patricia Lahar's claim of retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq.*, and the Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. §37.2101, *et seq.* For the reasons stated below, Defendant's motion is **DENIED.**

**II.    BACKGROUND**

Plaintiff is employed by Defendant. In a prior suit filed against Defendant in Oakland County Circuit Court, Plaintiff alleged age discrimination and brought her claim solely under the ELCRA. Plaintiff's case was dismissed after the circuit court granted Defendant's Motion for Summary Disposition on the merits. Plaintiff subsequently filed

1

this action in which she alleges that, after she filed the prior lawsuit, Defendant retaliated against her in various ways that negatively affected the terms and conditions of her employment.  Plaintiff alleges unlawful retaliation in violation of both the ELCRA and the ADEA.  Defendant contends that Plaintiff is either barred from bringing an ADEA claim or has failed to state an ADEA claim.  Defendant also asserts that because there is no viable federal claim, the Court should decline to exercise supplemental jurisdiction over the state law ELCRA claim.

### III.    STANDARD OF REVIEW

Defendant brings its motion under FRCP 12(b)(1) and (6).  When subject matter jurisdiction is challenged under 12(b)(1), the plaintiff has the burden to prove jurisdiction.  *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125 (6th Cir 1996).  If the attack on jurisdiction is a facial attack on the complaint, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party.  *U.S. v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721-722 (6th Cir 1999).  If the attack is factual, however, the court may weigh evidence and resolve factual disputes.  *Id.*

When reviewing a Rule 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of the witnesses."  *Miller*, 50 F.3d at 377.  The court should deny a Rule

12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v Gibson,* 355 U.S. 41, 45-46 (1957). *See also Gazette*, 41 F.3d at 1064; *Miller*, 50 F.3d at 377. "While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Rather, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *DeLorean*, 991 F.2d at 1240 (citations omitted).

### IV.   APPLICABLE LAW AND ANALYSIS

The anti-retaliation provision of the ADEA provides that:

> It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. §623(d). In order to establish a prima facie case of retaliation, a plaintiff must show:

> (1) that the plaintiff engaged in a protected activity; (2) that the defendant had knowledge of the plaintiff's protected conduct; (3) that the defendant took an adverse employment action towards the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action.

*Wiegel v Baptist Hospital of East Tenn.*, 302 F.3d 367, 381 (6th Cir. 2002).

Defendant moves to dismiss Plaintiff's ADEA claim on two grounds. First, Defendant argues that Plaintiff failed to state an ADEA retaliation claim because she filed the prior action only under the ELCRA. Therefore, Defendant contends that

3

Plaintiff's claim must be dismissed because she did not participate "in any manner" in litigation under the ADEA. Defendant cites no authority for its assertion and its position is contrary to the plain language of the ADEA.

The Sixth Circuit recently declined to address this issue.[1] However, faced with similar facts, another district court rejected the argument made here by Defendant. In *Leib v Atlas Capital Services, Inc.,* 2005 W.L. 1241978 (S.D. Ohio 2005), plaintiff was fired by his employer, Famous Distribution, Inc. ("Famous"). He subsequently filed a civil suit against Famous alleging age discrimination under state law. While the suit was pending, plaintiff interviewed with defendant company, Atlas Capital Services, Inc. ("Atlas"), and was offered a position. Before plaintiff began working, however, Atlas learned of the pending lawsuit. Plaintiff alleged that he was then told that he would only be allowed to begin working for Atlas if he dismissed the lawsuit against Famous, because Famous was Atlas' biggest dealer and plaintiff would be required to work with Famous' employees on a daily basis. Plaintiff agreed and dismissed the lawsuit. However, the offer of employment was rescinded after plaintiff and Atlas were unable to come to terms on certain employment provisions, including a modified employment agreement which included a provision requiring Plaintiff to release any and all claims against Atlas (presumably after he left or was discharged). Plaintiff then filed suit against Atlas and others alleging, *inter alia*, age discrimination and retaliation under the

---

[1] *See McElroy v Philips Medical Systems North America, Inc.,* 127 Fed. Appx. 161 (6th Cir. 2005)(unpub. op.)("While our research reveals no case in which the filing of an action alleging discrimination in violation of state law has been held to be protected under the participation clause of Title VII, the ADEA, or the ADA, we need not resolve the issue in this case . . . .").

ADEA and state law.

Defendants moved for summary judgment on several grounds. One argument was that plaintiff could not establish retaliation under the ADEA because the Famous lawsuit did not assert a claim under the ADEA, only under state law. Defendants argued that plaintiff could not prove an exercise of an ADEA protected right, because he failed to assert any rights under the ADEA in his prior lawsuit. The Court rejected defendants' argument and found that plaintiff's filing of the state law age discrimination claim constituted protected activity under the ADEA:

> Plaintiff engaged in protected activity by prosecuting an age discrimination claim against Famous, his former employer. Additionally, the Court finds to be without merit Defendants' contention this [sic] activity may not be the basis of a retaliation claim pursuant to the ADEA as Plaintiff only pursued Ohio state law claims, and not ADEA claims, in the *Famous* lawsuit. This position, as argued by Plaintiff, disregards the plain language of 29 U.S.C. §623(d) which states it shall be unlawful for an employer to discriminate against an applicant for employment who opposed a practice made unlawful by the ADEA. In the *Famous* lawsuit, Plaintiff was opposing the allegedly unlawful practice by Famous of discriminating on the basis of age, which is unlawful under the ADEA. The mere fact the [sic] claim was asserted pursuant to Ohio law does not alter this fact. Moreover, such a narrow reading of the ADEA undermines the purpose of the legislation and is contrary to the developed body of case law which has interpreted the ADEA broadly. *See e.g. Holt v JTM Industries, Inc.,* 89 F.3d 1224, 1226 (5th Cir. 1996); *Gill v. Rinker Materials Corp.,* 2003 U.S. Dist. LEXIS 2986, No. 3:02-cv-13 (February 24, 2003). As such, the fact the [sic] *Famous* lawsuit failed to assert ADEA age discrimination claims does not preclude it from being a protected activity under the ADEA.

2005 W.L. 1241978 at *7.

Like the defendants in *Leib*, Defendant here narrowly focuses its argument on the participation clause of the anti-retaliation provision of the ADEA. However, the ADEA makes it unlawful for an employer to discriminate against an employee who

5

*either* "opposed any practice made unlawful" by the ADEA *or* "participated in any manner in an investigation, proceeding, or litigation" under the ADEA. 29 U.S.C. §623(d). It is undisputed that, in the prior lawsuit, Plaintiff opposed what she regarded as unlawful age discrimination. As the *Leib* Court pointed out, there is nothing in the express language of the anti-retaliation statute that suggests that the opposition required to bring a claim under the statute cannot take the form of a lawsuit based on state law. And, Defendant does not cite any authority which supports the narrow interpretation it proposes. Therefore, the Court denies Defendant's motion to dismiss Plaintiff's ADEA claim on this ground.

Defendant's second argument is that Plaintiff is barred by res judicata from arguing that she opposed a practice prohibited by the ADEA, because the Oakland County Circuit Court ruled in the prior action that Defendant did not engage in unlawful age discrimination. "[R]es judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v State,* 470 Mich. 105, 121 (2004). The doctrine bars a second action when:

> (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.

*Adair,* 470 Mich. at 121; *Dart v Dart,* 460 Mich. 573, 586 (1999). Michigan courts broadly apply res judicata to claims previously litigated and those arising out of the same transaction that could have been raised with the exercise of reasonable diligence. *Dart,* 460 Mich. at 586; *Peterson v Novelties, Inc. v City of Berkley,* 259 Mich. App. 1, 11 (2003).

Defendant contends that all of the elements for res judicata are met in this case

6

because: 1) the prior ruling in state court was a final decision on the merits, 2) the parties in both actions are the same, and 3) a claim of age discrimination under the ADEA could have been resolved in the first lawsuit.  Therefore, Defendant argues that Plaintiff is precluded from now arguing that its conduct violated the ADEA.  Defendant's argument fails, however, because it is based on a false premise -- that Plaintiff must prove actual discrimination in order to sustain a claim of retaliation.

Proof of actual discrimination is not an element of a retaliation claim.  *See Wiegel*, 302 F.3d at 381.  Also, although it does not appear that the Sixth Circuit has directly addressed this issue, a majority of circuits have expressly found that proof of actual discrimination is not a prerequisite to a retaliation claim.[2]  For example, in *Wentz v Maryland Casualty Company,* 869 F.2d 1153, 1155 (8th Cir. 1989), plaintiff alleged age discrimination and retaliatory discharge in violation of the ADEA.  The district court granted summary judgment to defendant on the age discrimination claim, because it found that he was discharged for a legitimate non-discriminatory reason that was not a pretext for age discrimination.  The district court also granted summary judgment on plaintiff's retaliation claim because of its finding that there was no age discrimination.  The district court reasoned that plaintiff's actions in opposition to the alleged discrimination could not constitute justifiable opposition to age discrimination, because

---

[2] Because the same analysis applies to retaliation claims brought under the ADEA and Title VII, *Wentz v Maryland Casualty Company,* 869 F.2d 1153, 1154 (8th Cir. 1989), courts apply the same rule to retaliation claims brought under the ADEA and Title VII.  *See Love v Re/Max of America, Inc.,* 738 F.2d 383 (10th Cir. 1984)(ADEA); *Whitten v Farmland Industries, Inc.,* 759 F.Supp. 1522, 1538 n. 16 (D. Kan. 1991)(ADEA); *Mesnick v General Electric Co.,* 950 F.2d 816, 827 (1st Cir. 1991)(ADEA); *Taylor v Runyon,* 175 F.3d 861, 869 (11th Cir. 1999)(Title VII); *Monoharan v Columbia Univ. College of Physicians & Surgeons,* 842 F.2d 590, 593 (2nd Cir. 1988)(Title VII).

7

plaintiff ultimately was discharged for a legitimate reason, not because of his age.  The Eighth Circuit reversed.  The *Wentz* Court stated that it was not necessary for plaintiff to prove that he, in fact, was discriminated against in order to prove that he engaged in protected activity. 869 F.2d at 1155 (*quoting Manoharan,* 842 F.2d at 593).  Rather, the Court said that plaintiff only needed to show that he had a "good faith, reasonable belief that the underlying challenged action violated the law."  *Id*.

Because Plaintiff is not required to prove that she was, in fact, discriminated against, res judicata does not apply.  Therefore, Defendant's motion to dismiss Plaintiff's ADEA claim on this ground is also denied.  And, in light of the Court's ruling, Defendant's request that the Court decline to exercise supplemental jurisdiction over Plaintiff's ELCRA claim is moot.

### V.  CONCLUSION

Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **DENIED**.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated:  October 27, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 27, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**