UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA LAHAR,

       Plaintiff,

vs                                           Case No:   05-72920
                                           Honorable Victoria A. Roberts

OAKLAND COUNTY,

       Defendants.

_____/

**ORDER**

**I.      INTRODUCTION**

This matter is before the Court on three motions: 1) Defendant's Motion for

Dismissal for Failure to Comply with Court Order or, in the Alternative, to Strike Non-

Economic Damages Claim, and for Costs and Attorney Fees; 2) Plaintiff's Motion to

Reconsider Magistrate's Order to Compel Medical Examination; and 3) Plaintiff's Motion

to Reconsider Magistrate's Order Granting in Part Defendant's Motion for Leave to

Amend Disclosures and Witness Lists.  Plaintiff's motions are actually objections to

discovery motions referred to Magistrate Judge Donald A. Scheer for hearing and

determination, pursuant to 28 U.S.C. §636(b)(1)(A).

For the reasons stated below, Defendant's motion is **DENIED** and Plaintiff's

objections are **OVERRULED**.

**II.     BACKGROUND**

Plaintiff Patricia Lahar is employed by Defendant Oakland County.  Prior to

1

bringing this action, Plaintiff filed a suit against Defendant in Oakland County Circuit Court alleging age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. §37.2101, *et seq.*  Plaintiff's case was dismissed after the state court granted Defendant's Motion for Summary Disposition.  Plaintiff subsequently filed this action in which she alleges that, after she filed the prior lawsuit, Defendant retaliated against her in various ways that negatively affected the terms and conditions of her employment.  Plaintiff alleges unlawful retaliation in violation of both the ELCRA and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq.*

The motions before the Court arise from discovery-related disputes regarding: 1) Plaintiff's attendance at an Independent Medical Examination ("IME") with Defendant's expert psychiatrist, and 2) Defendant's late addition of two experts to its witness list. Magistrate Scheer entered Orders addressing each issue.  Plaintiff objects to each Order on various grounds.  Among other things, she contends that the Magistrate's Order regarding the IME does not sufficiently limit the terms and conditions of the IME, and that the Magistrate inappropriately permitted Defendant to amend its witness list. Defendant contends that Plaintiff's objections to each of the Magistrate's Orders are meritless.  Therefore, Defendant requests either dismissal of Plaintiff's Complaint or that the Court strike her noneconomic damages claims as a sanction for her failure to comply with the Order requiring her to attend the IME.  Defendant also requests fees and costs.

## III.    STANDARD OF REVIEW

Although styled as motions for reconsideration, Plaintiff's pleadings will be regarded as objections to the Magistrate's Order, which are reviewed by this Court

2

under Fed. R. Civ. P. 72(a) (rather than Local Rule 7.1(g)(3) as Defendant contends). Under Fed. R. Civ. P. 72(a), a magistrate's ruling on a nondispositive motion cannot be reversed unless it was clearly erroneous or contrary to law. *See also Brown v Wesley's Quaker Maid, Inc.,* 771 F.2d 952, 954 (6th Cir. 1985); *Haworth, Inc. v Herman Miller, Inc.,* 162 F.R.D. 289, 291 (W.D. Mich. 1995). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . .Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth*, 162 F.R.D. at 291 (citations omitted).

## IV.  APPLICABLE LAW AND ANALYSIS

### A.  INDEPENDENT MEDICAL EXAMINATION

There is an overlap between Defendant's motion for dismissal and Plaintiff's objections. Both relate to Defendant's request that Plaintiff submit to an IME. Therefore, they will be addressed together.

Defendant filed a motion to compel Plaintiff to attend an IME with its expert psychiatrist, Dr. Rosalind Griffin, after two prior dates (April 26, 2006 and May 18, 2006) were rescheduled when the parties could not agree upon multiple conditions Plaintiff proposed. On May 2, 2006, the Magistrate scheduled a hearing on Defendant's motion for May 25, 2006. On May 8th or 9th, Defendant scheduled a third date for Plaintiff's IME for May 26, 2006.

At the hearing, Magistrate Scheer directed Plaintiff to attend the IME under conditions. An Order was not entered immediately. It appears from the parties' email

communications that Defendant's attorney forwarded a proposed Order to Plaintiff's counsel for approval in the late afternoon on May 25, 2006 (at 2:51 p.m.). Shortly thereafter (at 3:40 p.m.), Plaintiff's counsel forwarded a letter to Defendant's counsel indicating that it was his opinion that Magistrate Sheer's ruling stripped Plaintiff of basic protections authorized by law. Therefore, Plaintiff's counsel advised that she would appeal the Magistrate's decision and not attend the IME scheduled for the next day.

Nevertheless, on May 31, 2006, Plaintiff's counsel approved the Order ultimately entered on June 5, 2006, but did so "as to form only." The Order states that:

1. Plaintiff will attend a psychiatric examination with Dr. Rosalind Griffin . . . on May 26, 2006 . . . .

2. The examination will be limited to seven hours, but the seven hour time limit shall not include breaks requested by Plaintiff.

* * *

4. Plaintiff will undergo an MMPI (Minnesota Multi-Phasic Personality Inventory), and the involvement of Dr. Czarnecki in the MMPI portion of the exam is permitted.

5. Dr. Griffin will be provided with a copy of this Order prior to the exam.

6. Defendant will comply with FRCP 35 with respect to production of Dr. Griffin's report.

7. Plaintiff will be required to give a complete oral medical history, including, but not limited to, a psychiatric and/or psychological history, and fill out any paperwork required by Dr. Griffin.

8. Plaintiff's counsel shall not be present during the examination, nor shall any other representative of Plaintiff.

* * *

10. The examination is not to be audio recorded, video recorded, or otherwise recorded in any fashion by Plaintiff.

4

Plaintiff now makes multiple objections to the form and substance of the Order. Defendant requests that the Court either dismiss Plaintiff's Complaint or strike her noneconomic damages claims as a sanction for her defiance of the Magistrate's Order.

      **i.**    **Plaintiff's Objections**

          **a.**    **MMPI**

Plaintiff contends that it was improper for the Magistrate to permit Dr. Edward Czarnecki, a psychologist, to assist Dr. Griffin by processing, scoring and interpreting the MMPI, which Dr. Griffin is not licensed to do. Plaintiff objects because: 1) Dr. Czarnecki was not on Defendant's witness list and Plaintiff will have no opportunity to cross-examine him; 2) the Magistrate relied upon affidavits by Dr. Griffin and another psychiatrist, Dr. Elliot Wagenheim, representing that such joint collaborations are common, although the affidavits were only presented at the hearing without giving Plaintiff an opportunity to rebut them; and 3) Plaintiff's own expert, Dr. Michael Abramsky, says that it is inappropriate for an MMPI to be scored and interpreted without knowledge about the subject's biographical and other relevant information.

Plaintiff additionally questions the propriety of an MMPI, although she does not expressly request that the test not be administered. Specifically, she asserts that: 1) it has not been demonstrated that an MMPI is an appropriate instrument for examining a plaintiff alleging discrimination; 2) there was no discussion of the extent information from the individual questions and answers may be divulged to others given the fact that the results are subject to interpretation and only claim to suggest one's tendencies; and 3) there was no discussion of the fact that many questions address issues not otherwise

5

allowed because they are prejudicial or beyond privacy limits.

In response, Defendant relies upon the affidavits of Drs. Griffin and Wagenheim. They assert that it is reasonable and customary for a psychiatrist to send MMPI tests to a psychologist for scoring and incorporate the results in the psychiatrist's findings.  See Def. Reply, Exhs. A, B.

### b.   Length of IME

Plaintiff asserts that seven hours is too long; she requested a maximum of two hours.  Additionally, she contends that the Order misrepresents the Magistrate's ruling because it excludes from that time any breaks requested by Plaintiff.  Plaintiff asserts that the Magistrate allowed for seven hours total; inclusive of any breaks.

Defendant contends that the time requested is reasonable to assure that Dr. Griffin has adequate time for both the MMPI and the interview portion of the exam. Defendant further asserts that excluding the time Plaintiff requests for breaks is necessary to prevent her from taking extended breaks to limit the time for the examination.

### c.   Oral Medical History and Paperwork

Plaintiff complains that the Magistrate did not limit the scope of the medical history to factual issues directly relevant to the claims Plaintiff brings in this action, which arose in April 2003.  She contends that there is no need for Plaintiff to give an open-ended oral history prior to April 2003 since Defendant has the medical records from Plaintiff's treating physicians and Defendant has had an opportunity to obtain relevant background facts leading to her emotional distress from her discovery

6

responses and deposition.

Plaintiff also complains that, contrary to the wording in the Order, the Magistrate did not require Plaintiff to fill out any paperwork requested by Dr. Griffin.  Plaintiff says that paperwork was not mentioned during the hearing and it would be burdensome.

Defendant argues that Plaintiff's attempt to limit Dr. Griffin to an oral history after April 2003 is unreasonable.  Defendant says that it would deprive Dr. Griffin of the opportunity to compare Plaintiff's current claims and her pre-existing mental state.  With regard to the paperwork, Defendant asserts that some paperwork during an IME is typical, and that it is required in order for Plaintiff to complete the MMPI.

### d.       Observation and Recording

Plaintiff objects to the Magistrate's denial of her request that a representative be present to audio and/or video record Plaintiff's session with Dr. Griffin.  Plaintiff's counsel claims to routinely obtain orders for such monitoring, and contends that it helps assure accuracy.  Plaintiff's expert, Dr. Abramsky, states in his affidavit that he does not find such monitoring invasive or uncommon.  Finally, Plaintiff points out that numerous state courts allow observation and audio/video recording, and that Dr. Griffin did not indicate in her affidavit that she has any objection.

Defendant argues that the Federal Rules of Civil Procedure do not provide for the presence of counsel or recording.

### e.       Dr. Griffin's Report

Plaintiff contends that the Magistrate directed Defendant to provide Plaintiff with a copy of Dr. Griffin's report when it is complete.  The Order, however, states that

Defendant will provide a copy in accordance with FRCP 35, which only requires Defendant to provide Plaintiff with a copy upon request.

This objection is moot.  Defendant agrees to provide Plaintiff with a copy of the report, without Plaintiff having to make a request.

### ii.      Defendant's Motion to Dismiss

Defendant argues that Plaintiff's refusal to attend the IME on May 26, 2006 warrants sanctions and an award of attorney fees and costs.  Defendant argues that Plaintiff defied Magistrate Scheer's Order that she appear on May 26, and that her repeated delays have prejudiced Defendant's ability to timely complete discovery and meet certain filing deadlines.

For the reasons stated above, Defendant contends that each of Plaintiff's substantive objections to the Order lacks merit.  Furthermore, Defendant points out that, contrary to Plaintiff's claim that the Order inaccurately memorializes the Magistrate's ruling in certain respects, Plaintiff's counsel approved the Order as to form.  Defendant interprets counsel's approval as an agreement that the Order accurately reflects the Magistrate's ruling, but that Plaintiff disagrees with the decision.

Therefore, Defendant requests that the Court exercise its authority under FRCP 37(b)(2)(B-C) to either dismiss Plaintiff's Complaint with prejudice or strike Plaintiff's claim for non-economic damages.  Additionally, Defendant requests an award of costs and fees in the amount of $7,500, which includes the $2,500 late cancellation fee charged by Dr. Griffin and $5,000 in attorney fees.  Defendant says that Dr. Griffin charged the cancellation fee because she did not get notice of the cancellation in sufficient time to reschedule other clients.

8

Plaintiff makes several arguments in response.  She: 1) denies ever agreeing to attend on May 26, and says that the Magistrate did not direct her to appear on a specific date; 2) says that she could not be expected to attend based upon an Order which had not been entered and did not conform to the limitations set by the Magistrate at the hearing; 3) asserts that she has legitimate objections to the Order, which were timely filed within the time allowed; 4) argues that her right to have an appropriate Order governing the IME is not abridged by Defendant's discovery scheduling concerns; 5) says that she cannot be held financially responsible for Defendant's unreasonable expectation that Plaintiff would appear for a disputed examination before an Order was entered; and 6) points out that the Order anticipates that Dr. Griffin would receive a copy of the Order before the examination.

For all of these reasons, Plaintiff contends that Defendant's motion violates FRCP Rule 11(b)(1), which prohibits motions "presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation."  Additionally, she says Defendant's motion violate's the Court's Scheduling Order prohibiting dispositive motions before the Settlement Conference.  Therefore, she asks that the Court impose sanctions on Defendant and its attorney for filing a motion in contravention of the court rules.

In reply, Defendant again asserts that the Order comports with the Magistrate's ruling and points out that Plaintiff does not identify any inaccuracies, except for her erroneous assertion that the Magistrate did not set a day for her to appear.  The Magistrate said, "I will grant the motion to compel the medical examination to be conducted tomorrow . . . or at such other time as the parties may agree."  Pl. Exh. 1, p.

9

21.

Defendant denies filing its motion for an improper purpose.  Rather, Defendant asserts that it filed the motion because Plaintiff refused to attend an IME and refused to comply with a Court Order compelling her to attend.  Defendant asserts that, if it had not filed the motion, discovery would stagnate to Defendant's eventual prejudice.  Lastly, Defendant asserts that Plaintiff's counsel never objected to the May 26 date.   In support, Defendant attaches a letter from its attorney to Plaintiff's counsel purportedly memorializing their discussion of the May 26 date.  Def. Reply at Exh. C.

### iii.    Analysis

Magistrate Sheer's Order is upheld, but Defendant's Motion to Dismiss is denied.  With one exception (discussed below), the Order adequately reflects the rulings of the Magistrate, and Plaintiff has not shown that any of those rulings were contrary to law.  In fact, the Magistrate's rulings were well within his broad discretion.  *See Lewis v ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998)("The scope of discovery is, of course, within the broad discretion of the trial court.").

## ***Plaintiff's Objections***

### a.    MMPI

Dr. Griffin's plan to enlist Dr. Czarnecki's assistance is not prohibited by the federal court rules or otherwise.  FRE 703, in fact, states:

> The facts or data in the particular case upon which an expert bases
> an opinion or inference may be those perceived by or made known
> to the expert at or before the hearing. If of a type reasonably relied
> upon by experts in the particular field in forming opinions or
> inferences upon the subject, the facts or data need not be admissible
> in evidence in order for the opinion or inference to be admitted.

10

In *Mannino v International Manufacturing Co.,* 650 F.2d 846, 851 (6th Cir. 1981), the Court held that the focus of a court's inquiry under FRE 703 is merely whether the information relied upon by an expert is the type reasonably relied upon in the expert's field:

> The purpose of Rule 703 is to make available to the expert all of the kinds of things that an expert would normally rely upon in forming an opinion, without requiring that these be admissible in evidence. Under the Rule, the expert is free to give his opinion relying upon the types of data an expert would normally use in forming an opinion in his area of expertise. In short, through of Rule 703, the law is catching up with the realities of professional life.

The *Mannino* Court further stated that "[g]reat liberality is allowed the expert in determining the basis of his opinions under Rule 703." *Id* at 853.

Similarly, in *United States v Lawson*, 653 F.2d 299 (7th Cir. 1981), the Seventh Circuit upheld a psychiatrist's testimony regarding the mental state of an individual with whom the psychiatrist had only limited contact. Among other things, the psychiatrist relied upon reports from two other doctors, other staff and tests administered at the medical center. The Court stated:

> The adoption of the Federal Rules of Evidence in 1975 expanded the scope of expert testimony. Rule 703 expressly permits experts to base their testimony on evidence that would otherwise be inadmissible, so long as it is "of a type reasonably relied on by experts in the particular field in forming opinions or inferences upon the subject."
>
> * * *
>
> In this case, the information [the psychiatrist] relied on to reach his opinion staff reports, interviews with other physicians, and background information from the Marine Corps and the United States Attorney's Office were clearly of the type that psychiatrists would rely upon in making a similar professional judgment.

11

653 F.2d at 301-302 (footnotes omitted).

Also, in *Durflinger v Artiles*, 563 F.Supp. 322 (D. Kan. 1981), the Court rejected

Defendants' assertion, post-trial, that a psychiatrist was not qualified to testify about an

evaluation performed by a psychologist to whom the psychiatrist referred the patient:

> [Psychologist Frederick Moe] had no independent recollection of
> Bradley, but had based his opinion about Bradley's mental malaise
> upon the basis of the report of psychological testing and interviews
> by a psychologist to whom Dr. Moe had referred the patient. Such
> evidence is validated by Rule 703 . . . .

Finally, the Advisory Committee Notes following FRE 703 appear to anticipate

that medical experts will often rely upon reports or opinions from other doctors when

formulating an opinion:

> Facts or data upon which expert opinions are based may, under the
> rule, be derived from three possible sources.
>
> * * *
>
> The third source contemplated by the rule consists of presentation of
> data to the expert outside of court and other than by his own
> perception. ***In this respect the rule is designed to broaden the
> basis for expert opinions beyond that current in many
> jurisdictions and to bring the judicial practice into line with the
> practice of the experts themselves when not in court. Thus a
> physician in his own practice bases his diagnosis on
> information from numerous sources and of considerable
> variety, including statements by patients and relatives, reports
> and opinions from nurses, technicians and other doctors,
> hospital records, and X rays.*** Most of them are admissible in
> evidence, but only with the expenditure of substantial time in
> producing and examining various authenticating witnesses. The
> physician makes life-and-death decisions in reliance upon them. His
> validation, expertly performed and subject to cross-examination,
> ought to suffice for judicial purposes.

(emphasis added).

This authority indicates that Dr. Griffin's reliance upon Dr. Czarnecki to analyze

some of the data on which she will rely is permissible, provided that it is reasonable in her field to do so.  Drs. Griffin and Wagenheim stated in their affidavits that it is "reasonable and customary" to proceed in the fashion Dr. Griffin proposes, and Plaintiff's expert, Dr. Abramsky, does not refute their claim.  Dr. Abramsky only contends that it would be improper for Dr. Czarnecki to score and interpret the MMPI results without the benefit of biographical information about Plaintiff.  There is no basis, however, for the Court to presume that Dr. Czarnecki intends to score and interpret the results in a vacuum.  He may well have the benefit of Dr. Griffin's report and/or any other background information available.  Moreover, since Dr. Czarnecki has been added to Defendant's witness list (a fact that is the subject of other objections discussed below), Plaintiff can depose him about his methods after the exam.

In short, there is sufficient evidence that Dr. Griffin's reliance on Dr. Czarnecki is an accepted practice in her field.  Therefore, the Court cannot find that the Magistrate's ruling is contrary to law.

To the extent Plaintiff is challenging the propriety of taking an MMPI at all, that issue was not raised before the Magistrate.  Therefore, it is not properly raised here as an objection.  Furthermore, at the hearing before the Magistrate, Plaintiff's counsel explicitly said that Plaintiff is not contesting Defendant's right to an IME.  *See* Pl. Exh. 1 at p. 13.

### b.    Length of IME

The time-frame permitted by the Magistrate is not prohibited by law or court rule and appears reasonable.  Defendant's attorney represented at the hearing that Dr. Griffin anticipates that the MMPI and her interview will take 3 ½ to 5 hours to complete.

13

The Magistrate's allowance of an additional two hour cushion to ensure that Dr. Griffin has sufficient time to complete the exam is not unreasonable.

It is not clear, however, whether the Magistrate intended for the time allotted to include any breaks Plaintiff requests. He simply said that "[t]he examination is not to exceed the total of seven hours." Pl's Exh. 1 at p. 21.

The Court finds that the time is exclusive of breaks. Even if Plaintiff is not deliberately dilatory, bathroom, lunch or other breaks could easily consume 1-2 hours of the time allotted.

### c.    Oral Medical History and Paperwork

It was not contrary to law for the Magistrate to allow Dr. Griffin to take whatever oral medical history she deems appropriate for an adequate exam. At oral argument before the Magistrate, Plaintiff's counsel requested that Dr. Griffin be limited to Plaintiff's medical history from the date the cause of action arose (April 2003) forward. The Magistrate, however, aptly pointed out that inquiries regarding Plaintiff's health prior to that time are relevant to whether her current distress was caused by the alleged retaliation. *See* Pl. Exh. 1 at pp. 15-16. The Court agrees. Plaintiff's previous medical history may be relevant to her current claims. FRCP 26(b)(1) allows parties to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Therefore, the Magistrate's ruling is upheld.

Plaintiff is correct that the Magistrate did not explicitly order that Plaintiff complete paperwork required by Dr. Griffin. However, by directing Plaintiff to appear for the exam and MMPI, he implicitly authorized any paperwork required for the MMPI and any other paperwork required in the normal course of the examination. Plaintiff has not shown,

14

and there is no basis for this Court to presume, that any such paperwork would be burdensome, excessive or otherwise improper.

### d.    Observation and Recording

Plaintiff's request that the exam be recorded and/or observed by Plaintiff's counsel or a representative is not required by the federal court rules or caselaw. Plaintiff's reliance on state court decisions is misplaced.  Plaintiff is correct that state courts often permit observation and recording.  However, the majority of federal courts decline to allow either recording or an observer, absent a showing of a special need or good reason.[1]  *See EEOC v Grief Brothers*, 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); *Tomlin v Holececk*, 150 F.R.D. 628, 631-632 (D. Minn. 1993); *Wheat v Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989); *Shirsat v Mutual Pharmaceutical Co., Inc.,* 169 F.R.D. 68, 70-71 (E.D. Pa. 1996); *Ragge v MCA/Universal Studios*, 165 F.R.D. 605, 609-610 (C.D. Cal. 1995).  In fact, in *Tomlin* the Court stated that it considered but gave less weight to the state court decisions "not because of any inadequacy in their considered reasoning, but because their analyses have been driven by perceived local customs or the provisions of a state statute."  150 F.R.D. at 631 (footnote omitted).  *See also McDaniel v Toledo, Peoria and Western R. Co.,* 97 F.R.D. 525, 526 (D.C. Ill 1983)(declining to follow state statute allowing an attorney to be present during an adverse medical exam).

Plaintiff has not identified a special need or good reason to allow an observer or recording in this case.  Her claimed interest in assuring the accuracy of what transpires

---

[1]It does not appear that the Sixth Circuit has addressed this issue.

15

is not compelling.  Plaintiff will be able, through her own testimony and cross-examination, to challenge any alleged inaccuracies in Dr. Griffin's report.

The Magistrate's ruling is consistent with the majority of federal courts that have considered the issue.  Therefore, it is upheld.

### ***Defendant's Motion to Dismiss***

If the Court finds that a discovery order was violated, sanctions may be imposed under FRCP 37(b)(2):

> **(b) Failure to Comply With Order.**
>
> * * *
>
> **(2) Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> **(A)** An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> **(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> **(D)** In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> **(E)** Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is

16

> unable to produce such person for examination.
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

An appropriate sanction, if any, is within the trial court's discretion.  *Phillips v Cohen*, 400 F.3d 388, 402 (6th Cir. 2005).  Defendant requests that the Court either dismiss the Complaint or strike Plaintiff's noneconomic damages claims, pursuant to FRCP 37(b)(2)(C) and (b)(2)(B), respectively.

Defendant has not established that either sanction is warranted.  Although Plaintiff refused to comply with the Magistrate's Order that she appear for the IME, she did so in accordance with her right under FRCP 72(a) to file objections to the Magistrate's Order.  Furthermore, Plaintiff immediately advised Defendant that she intended to file objections, and she filed her objections in a timely fashion.  Defendant's request for attorney fees is denied for the same reason (and because Defendant did not present any documentation to show that $5,000 in fees is reasonable).  Defendant's request for $2,500 in costs, because of the late cancellation, is also denied. Defendant's scheduling did not allow adequate time for Plaintiff to exercise her rights under FRCP 72(a), and Plaintiff notified Defendant that she would not appear within a short time after the hearing.[2]

---

[2]The transcript does not indicate the time that the hearing concluded.  But, according to the Notice of Hearing it begin at 2:00 p.m.  Defendant's counsel forwarded a proposed Order to Plaintiff at 2:51 p.m.  Plaintiff's counsel responded within an hour at 3:40 p.m.

17

Plaintiff's counter-motion for Rule 11 sanctions is denied.  There is no evidence that Defendant's motion was brought for an improper purpose.

### B.   DEFENDANT'S SUPPLEMENTAL WITNESS LIST

The Scheduling Order required that the parties file their witness lists by February 28, 2006.  However, on May 1, 2006, Defendant filed a Second Supplemental Witness List adding, among others, Drs. Wagenheim and Czarnecki.  Defendant supplemented its FRCP 26 Initial Disclosures with regard to Drs. Wagenheim and Czarnecki on the same day.  Plaintiff filed objections to the Second Supplemental Witness List.  She complained that the supplement was untimely and done without leave of the Court or stipulation.  Defendant subsequently filed a Motion for Leave to Amend Disclosures and Witness Lists and for Sanctions Against Plaintiff's Counsel.  Plaintiff's objections and Defendant's motion were referred to Magistrate Scheer.

Judge Scheer held a hearing during which Plaintiff's objections were sustained in part and denied in part.  Also, Defendant's motion was granted in part and denied in part.  At the Magistrate's direction, Defendant's counsel prepared an Order memorializing his ruling.  Plaintiff's counsel approved the Order "as to form only."

Plaintiff now objects to the Magistrate's Order as it pertains to Drs. Wagenheim and Czarnecki.  Plaintiff argues that: 1) the Magistrate did not actually grant Defendant's request to add Dr. Wagenheim or, alternatively, that there was no basis for him to do so; and 2) the Magistrate allowed Defendant to add Dr. Czarnecki based on a prior improper ruling that it is permissible for Dr. Czarnecki to assist Dr. Griffin with the

MMPI.[3]

Plaintiff's contention that the Magistrate Sheer erred in finding that it is permissible for Dr. Czarnecki to assist Dr. Griffin is rejected for the reasons stated above.  And, there is no support for Plaintiff's assertion that the Magistrate erred in permitting Defendant to add Dr. Wagenheim.

Some background is necessary to fully comprehend the parties' arguments.  Dr. Wagenheim performed an IME of Plaintiff, at Defendant's request, during the state court action.  The case was dismissed shortly thereafter.  In Defendant's First Set of Interrogatories to Plaintiff in this action, Defendant asked Plaintiff to disclose all of the medical care providers whom she saw or consulted in the last 15 years.  Pl. Exh. 2, ¶12. Plaintiff says that she did not list Dr. Wagenheim because she did not believe that he qualified as a "medical care provider," since he was not a treating physician.  Later, in April 2006, Plaintiff subpoenaed Dr. Wagenheim's records and, inadvertently -- according to her counsel -- failed to notify Defendant of the subpoena in accordance with FRCP 45(b)(1).[4]  Within days, Defendant's attorney learned of the subpoena to Dr.

_____

[3]Defendant requests leave to file a Response, which it attached to its request for leave.  Defendant's motion should be granted.

[4]FRCP 45(b)(1) states:

(b) Service.

(1) A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law. When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered. ***Prior notice of any commanded production of documents and things or inspection of premises***

Wagenheim.  Defendant then provided Plaintiff with a copy of the report she sought in the subpoena, and Plaintiff withdrew the subpoena.

Defendant subsequently amended its witness list and disclosures on May 1, 2006 to add Dr. Wagenheim.  Because Plaintiff objected, Defendant filed a motion for leave to amend.  Defendant argued that Plaintiff waived objection to its tardy addition of Dr. Wagenheim because of Plaintiff's violation of FRCP 45(b)(1), and because Plaintiff gave an incomplete response in interrogatories.  But for Plaintiff's omission of Dr. Wagenheim from her interrogatory response, Defendant argued that it would have added Dr. Wagenheim sooner.  Defendant further argued that there is no prejudice to Plaintiff because she received a copy of Dr. Wagenheim's report in April 2006, and, at the time the motion was briefed and argued, there was still approximately two months left before the close of discovery (on August 11, 2006).  Defendant requested that it be awarded fees and costs associated with its motion due to Plaintiff's FRCP 45(b)(1) violation.

In response, Plaintiff essentially argued that it was not incumbent upon her to identify for Defendant an expert who was presumably well known to Defendant since it had retained him during the state court action.  Therefore, she argued that Defendant failed to establish good cause to modify the scheduling order.  And, she asserted that it was "fundamentally prejudicial" to add an expert at this late stage of the discovery process.

---

**before trial shall be served on each party in the manner prescribed by Rule 5(b).**
(emphasis added)

20

At the hearing, the Magistrate found that Plaintiff should have listed Dr. Wagenheim in response to the interrogatory, since Defendant asked for all health care providers that she has seen or consulted within the last 15 years.  The Court then sustained in part and overruled in part Plaintiff's objection to the addition of certain witnesses.  However, the Magistrate did not state the basis for his decision to allow the amendments.  The Court also accepted Plaintiff counsel's representation that her failure to notify Defendant of the subpoena in accordance with FRCP 45(b)(1) was inadvertent and denied Defendant's request for sanctions.  Pl. Exh. 1 at p. 36.

In her objections to the Magistrate's Order, Plaintiff first argues that it misrepresents the Magistrate's ruling regarding Dr. Wagenheim.  The Order states "[t]hat the Defendant shall be allowed to list as an expert and potential witness, Dr. Elliot Wagenheim, psychiatrist."  Def. Reply, Exh. 1.  Plaintiff contends, however, that the Magistrate never actually ruled on Defendant's request to add Dr. Wagenheim.  She asserts that the Magistrate only stated that Plaintiff had a duty to disclose Dr. Wagenheim in her interrogatory response, but never reached the issue of what sanction, if any, was appropriate for Plaintiff's failure to disclose.  As a peripheral issue, Plaintiff also asserts that the Magistrate erred in finding that she had a duty to disclose. But, she does not clearly assert this argument as an additional objection.

There is no merit to Plaintiff's claim that the Magistrate did not grant Defendant leave to amend Dr. Wagenheim.  Although he did not articulate his reasons for finding in Defendant's favor, the Magistrate clearly stated that Plaintiff's objections were overruled and Defendant's motion was granted, except as to a discrete number of witnesses (listed on Defendant's Second Supplemental Witness List at numbers 71 - 89) other

21

than Dr. Wagenheim:

> [Witnesses] [s]ixty-seven through 70 were listed as a category. I --
> I'm not going to strike those. Seventy-one to 89 I am going to
> sustain the Plaintiff's objections. Other than that I overrule the
> Plaintiff's objections and grant the motion of the Defendant for
> supplemental declarations or . . . disclosures.

*See* Pl. Exh. 1 at p. 35. Dr. Wagenheim was listed as number 42 on Defendant's

Second Supplemental Witness List.

Plaintiff's second argument is that, if the Magistrate granted leave, he did so as a

sanction for Plaintiff's failure to disclose Dr. Wagenheim in her response to an

interrogatory. However, Plaintiff contends that such a sanction was not permitted under

either FRCP 11 or 37, because the Magistrate never made a finding of bad faith by

Plaintiff.

It is does not appear that the Magistrate granted Defendant leave to add Dr.

Wagenheim as a sanction. He only referred to sanctions when he denied Defendant's

request for fees and costs as a sanction for Plaintiff's violation of FRCP 45(b)(1).

In any event, the issue is whether the Magistrate's ultimate ruling--allowing the

amendment--was contrary to law. It was not. FRCP 16(b) requires a showing of good

cause for a modification of a scheduling order. However, matters of docket control and

conduct of discovery are left to the discretion of the trial court, absent actual and

substantial prejudice to a litigant. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th

Cir. 1996).

The Magistrate did not articulate his reason for allowing the amendment. To the

extent the Magistrate accepted as good cause Defendant's assertion that it was not

(and impliedly could not have otherwise become) aware of Dr. Wagenheim and his

22

relevance to this case solely because Plaintiff did not list him in her interrogatory response, the Court disagrees. Notwithstanding Plaintiff's lack of proper disclosure of Dr. Wagenheim as one of the medical providers that she has seen, it is reasonable to presume that, with an exercise of reasonable diligence, Defendant should have been aware of Dr. Wagenheim in ample time to timely add him to Defendant's witness list.

Nevertheless, it was within the Magistrate's discretion to permit Defendant to add Dr. Wagenheim, since there is no apparent prejudice to Plaintiff in doing so. She does not dispute that she received Dr. Wagenheim's report from Defendant in April 2006. And, she became aware that Defendant intended to rely upon him as a witness when it filed its Second Supplemental Witness List on May 1, 2006, over three months before the close of discovery (on August 11, 2006). At the time of the hearing before the Magistrate, on June 15, 2006, Plaintiff still had almost two months to depose Dr. Wagenheim.

Therefore, even if the Magistrate erred in his reasoning, his grant of Defendant's motion was a reasonable exercise of discretion that was not contrary to law. Plaintiff's objection should be overruled.

## V.      CONCLUSION

Defendant's motion is **DENIED** and Plaintiff's objections are **OVERRULED**.


                                                         ____/s/ Victoria A. Roberts_____
                                                         Victoria A. Roberts
                                                         United States District Judge

Dated:  August 8, 2006

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 8, 2006.<br><br>s/Linda Vertriest_____<br>Deputy Clerk |

24