**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PATRICIA LAHAR,**

            **Plaintiff(s),**         **CASE NUMBER: 05-72920**
                                          **HONORABLE VICTORIA A. ROBERTS**

**v.**

**OAKLAND COUNTY, a corporate body,**

            **Defendant(s).**
_____/

**ORDER**

This matter is before the Court on Defendant Oakland County's Objection to Taxed Bill of Costs Pertaining Only to Decision Regarding Court Reporter Fees for Depositions of Richardson, Robbins and Abramsky. On September 21, 2007, the Court granted Defendant's Motion for Summary Judgment and entered a Judgment in its favor. Defendant subsequently filed a Taxed Bill of Costs with the Clerk of the Court, pursuant to FRCP 54(d). Defendant now objects to the Clerk's disallowance of the court reporter fees for the depositions of William Richardson, Robert Robbins, and Dr. Michael Abramsky. Defendant contends that each deposition is a taxable cost because they were "used" in support of its Motion for Summary Judgment. Specifically, Defendant says its counsel had to review each deposition during the preparation of its Reply to Plaintiff's Response because she cited Dr. Abramsky's expert report and excerpts from Richardson and Robbins' depositions.

FRCP 54(d) requires that certain costs (delineated in 28 U.S.C. §1920) "be

1

allowed as of course to the prevailing party unless the court otherwise directs." "This language [in FRCP 54(d)] creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

One allowed cost is the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

Defendant's objection with respect to the depositions of Richardson and Robbins is sustained. Courts within this Circuit found that depositions cited by either party in support or defense of a motion are "reasonably necessary for the litigation" and, therefore, are taxable by the prevailing party under §1920(2). *See Keweenaw Bay Indian Community v Rising*, 2005 W.L. 3535124, *2 (W.D. Mich. 2005); *Johnson v City of Battle Creek*, 2005 W.L. 1427716, *1 (W.D. Mich. 2005). The Court agrees that it was reasonably necessary for Defendant to procure Richardson and Robbins' depositions since Plaintiff cited extensively from both and even referred to Richardson's testimony as "critical." Costs of $319.25 for the Richardson and Robbins depositions may be taxed.

Defendant's objection with respect to the deposition of Dr. Abramsky is also sustained. Neither party cited Dr. Abramsky's deposition in relation to any of the motions filed. But, "[t]here is no requirement that depositions be submitted as evidence

2

by Defendants in order for the transcripts to be taxable as costs." *Keweenaw*, 2005 W.L. 3535124 at *2. And, there is a basis to find that taking and transcribing Dr. Abramsky's deposition was reasonably necessary for the litigation because he was listed by Plaintiff as an expert witness, and she cited his report in Response to the Motion for Summary Judgment. Costs of $323.50 for Dr. Abramsky's deposition may be taxed.

**IT IS SO ORDERED.**

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: January 29, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 29, 2008.

s/Linda Vertriest
Deputy Clerk

---